**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> NORTHERN ILLINOIS FENCE, INC., <br><br> *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: 26 CV <br><br> Judge: <br><br> Magistrate: |

**<u>COMPLAINT</u>**

Plaintiffs, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC. (collectively, "Plaintiffs" or "the Funds"), by and through their undersigned attorneys, complain against Defendant, NORTHERN ILLINOIS FENCE, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1.      This is an action under sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and section 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185, to collect unpaid fringe benefit contributions, interest, liquidated damages, and audit costs that Defendant owes the Funds under a collective bargaining agreement.

2.  A payroll compliance audit of Defendant's records for July 1, 2018, through June 30, 2025, found $87,242.71 due to the Funds. Defendant ignored two written requests to pay. The Funds now sue to collect.

## JURISDICTION & VENUE

3.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under ERISA sections 502 and 515, 29 U.S.C. §§ 1132 and 1145, and NLRA section 301, 29 U.S.C. § 185.

4.  Venue is proper in this District under ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Funds are administered in Oak Brook, Illinois, and Defendant maintains its principal place of business in Cortland, Illinois, both within this District.

## THE PARTIES

5.  Plaintiffs are jointly administered, ERISA-governed multiemployer employee benefit plans and fringe benefit funds affiliated with Architectural & Ornamental Iron Workers Local Union No. 63 ("Local 63"). The Funds are administered in Oak Brook, Illinois.

6.  The Funds may sue in their own names under ERISA section 502(d)(1), 29 U.S.C. § 1132(d)(1).

7.  Defendant is a fence installation contractor in an industry affecting commerce. Its principal place of business is 320 W. Lincoln Highway, Cortland, Illinois.

## FACTUAL ALLEGATIONS

8.  Defendant executed a Memorandum of Agreement with Local 63. (Ex. A.)

9.  The Memorandum of Agreement binds Defendant to Local 63's collective bargaining agreement (the "CBA"). (Ex. A, ¶ 1; Ex. B.)

10. The CBA incorporates the trust agreements and plan documents governing the Funds (together with the CBA, the "Governing Agreements"). (Ex. A, ¶ 3; Ex. B, arts. 20.4, 20.7.)

11. Under the Governing Agreements, Defendant must submit monthly reports listing the hours its bargaining unit employees worked and must pay contributions to the Funds at contractually set rates for each hour worked. (Ex. A, ¶ 3; Ex. B, arts. 7.1, 20.1–20.3, 20.5, 20.8, 26.1.)

12. Contributions are due by the fifteenth of the month. Contributions paid after that date are delinquent.

13. The Governing Agreements make delinquent contractors liable for interest, liquidated damages, reasonable auditor fees, and reasonable attorneys' fees. (Ex. B, art. 20.10.)

14. The Governing Agreements also require Defendant to submit its books and records for a payroll compliance audit performed by an auditor the Union selects on behalf of the Funds. (Ex. B, arts. 7.4, 20.9.)

15. Calibre CPA Group, PLLC audited Defendant's payroll records for the period of July 1, 2018, through June 30, 2025 (the "Audit"). (Ex. C at 2–3.)

16. The Audit found that Defendant failed to pay $44,830.78 in fringe benefit contributions owed to the Funds (the "Audit Findings"). (Ex. C at 4, 7.)

17. With interest, liquidated damages, and audit costs, Defendant owes the Funds $87,242.71 (see Ex. C at 1, 4, 7):

| | |
|---|---|
| Unpaid contributions | $44,830.78 |
| Interest | $34,519.22 |
| Liquidated damages | $3,586.46 |
| Audit costs | $4,306.25 |
| ***Total*** | **$87,242.71** |

18. Interest continues to accrue on the unpaid contributions.

19. The Funds' counsel sent Defendant written requests for payment of the Audit Findings on April 7, 2026, and May 20. Each request enclosed the Audit report and gave Defendant the option to pay or to submit a written, fact-based challenge with supporting documentation.

20. Defendant has not paid the Audit Findings, disputed them, or responded in any way.

## COUNT I
### ERISA (29 U.S.C. §§ 1132 and 1145)

21. Plaintiffs reallege and incorporate by reference paragraphs 1 through 21.

22. Defendant is an employer obligated to contribute to the Funds under the Governing Agreements and ERISA section 515, 29 U.S.C. § 1145.

23. By failing to pay the Audit Findings and the associated interest, liquidated damages, and audit costs, Defendant violated the Governing Agreements and ERISA section 515.

24. Under ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), the Funds are entitled to the unpaid contributions, interest, liquidated damages, audit costs, and their reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request judgment in their favor and against Defendant on Count I, awarding:

a. The Funds a monetary judgment of $87,242.71 for the Audit Findings, consisting of $44,830.78 in unpaid contributions, $34,519.22 in interest, $3,586.46 in liquidated damages, and $4,306.25 in audit costs.

b. Additional interest and liquidated damages accruing on the unpaid contributions through the date of judgment.

c. The Funds' reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g)(2)(D).

d. Any other relief this Court deems fair and just.

Respectfully submitted,

4

**ARCHITECTURAL IRON WORKERS
LOCAL NO. 63 WELFARE FUND, et al.**

By:*/s/ Kyle Sullivan*
One of Plaintiffs' attorneys


Gregory W. Hosé
Andrew Pigott
Kyle Sullivan (ARDC No.: 6336828)
Kay Han
**Gregorio, Stec, Klein, & Hosé, LLC**
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
Phone: (312) 263-2343
Email: ksullivan@gregoriolaw.com

5